**ORIGINAL**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| BRYAN LEE TOTTEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CV406-115 |
| | ) |
| TYDUS MEADOWS, Warden, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner has filed for a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondent has filed an answer. Doc. 7. For the reasons that follow, the Court recommends that the petition be DENIED.

## I. BACKGROUND

A Chatham County grand jury indicted petitioner on February 9, 2000 on charges of malice murder, felony murder, and possession of a firearm during the commission of a felony. Totten v. State, 577 S.E.2d 272, 273 n.1 (Ga. 2003). A jury convicted petitioner of felony murder and possession of a firearm during the commission of a felony on January 24, 2001, and the

malice murder count was dismissed by entry of an order of nolle prosequi. Id. The trial court sentenced petitioner to life imprisonment on the felony murder conviction and a consecutive five-year sentence on the possession of a firearm charge. Id. Petitioner filed a motion for new trial on February 22, 2001, and amended that motion on July 30, 2001, September 7, 2001, September 13, 2001, and September 14, 2001. Id. The trial court held a hearing on the amended motions and denied them on April 30, 2002. Id. Petitioner pursued an appeal in the Georgia Supreme Court, which affirmed his convictions and sentences on February 10, 2003. Totten, 577 S.E.2d 272.

Petitioner filed a state habeas corpus petition in the Ware County superior court on February 11, 2004. Resp. Ex. 1. The court held a hearing on the state petition on December 16, 2004 and denied petitioner's motion on May 31, 2005. Resp. Ex. 3. The Supreme Court of Georgia denied petitioner's application for a certificate of probable cause to appeal the denial of state habeas relief on April 26, 2006. Resp. Ex. 4.

Petitioner filed the instant federal habeas petition pursuant to 28 U.S.C. § 2254 on May 4, 2006, asserting the following grounds for relief:

2

1. Trial counsel was ineffective for failing to move the trial court to instruct the jury on the lesser charge of voluntary manslaughter.
2. Appellate counsel was ineffective for failing to challenge trial counsel's failure to request a jury instruction on voluntary manslaughter.
3. The evidence at trial was insufficient to support a conviction for felony murder.
4. The trial court erred by failing to hold an evidentiary hearing on petitioner's motion of ineffective assistance of counsel.
5. The state court violated petitioner's due process rights by denying his "motion for substitution of appointed counsel" and "motion for evidentiary hearing" without conducting an evidentiary hearing in petitioner's presence.

Doc. 1.[1]

## II.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, amended 28 U.S.C. § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an

---

[1] In his petition for relief, petitioner presents these grounds for relief as three separate claims. Respondent extrapolated the five grounds listed above from the petition and the Court agrees with respondent's interpretation of petitioner's asserted grounds for relief.

unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Court must first determine the scope of its review of the state court's legal and factual determinations. In <u>Neeley v. Nagle</u>, 138 F.3d 917, 922-25 (11th Cir. 1998), the Eleventh Circuit outlined a three-step analysis to be applied in reviewing a § 2254 petition. First, a court must determine the "clearly established" law by "'survey[ing] the legal landscape'" at the time the state court adjudicated the petitioner's claim to determine the applicable Supreme Court authority . . . ." <u>Id.</u> at 923.[2] A legal principle is "clearly established" if "Supreme Court precedent would have compelled a particular result in the case." <u>Id.</u>; <u>see also</u> <u>Hogan v. Hanks</u>, 97 F.3d 189, 192 (7th Cir. 1996) ("[A] rule [is] not 'clearly established' unless it [is] 'compelled by existing precedent.'").

The court must then determine whether a state court's adjudication of the claim was "contrary to" the clearly established Supreme Court

---

[2] Only the rules articulated by the Supreme Court may be considered to determine the reasonableness of a state court decision. <u>Lindh</u>, 96 F.3d at 869; <u>accord</u> <u>Green</u>, 143 F.3d at 874. "This is a retrenchment from former practice, which allowed the United States courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court." <u>Lindh</u>, 96 F.3d at 869. Furthermore, it is only the holdings, not the dicta, of Supreme Court decisions that constitute "clearly established Federal law" within the meaning of the statute. <u>Williams v. Taylor</u>, 120 S. Ct. 1495, 1523 (2000).

4

precedent. Neeley, 138 F.3d at 923. A decision is "contrary to" the then-existing federal law if the state court either failed to apply the proper Supreme Court precedent or reached a different conclusion than the Supreme Court on substantially similar facts. Id. at 923, 924.

If the state court has applied the proper law, the federal court must then determine whether the state court's adjudication of the claim is an "unreasonable application" of Supreme Court authority. Id. at 924. This provision refers to mixed questions of law and fact. Id.; Drinkard v. Johnson, 97 F.3d 751, 767 (5th Cir. 1996); Lindh v. Murphy, 96 F.3d 856, 870 (7th Cir. 1996) (en banc), rev'd on other grounds, 117 S. Ct. 2059 (1997).[3] Under this standard of review, a federal court may not grant habeas relief based on its mere disagreement with the state court's decision because "[t]his would amount to de novo review, which Congress clearly did not intend." Neeley, 138 F.3d at 924; see H.R.Conf.Rep. No. 518, 104th Cong., 2nd Sess. 111 (1996), reprinted in 1996 U.S.C.C.A.N. 944, 944 (indicating that § 2254(d)(1) "requires deference to the determinations of state courts that are neither 'contrary to,' nor an 'unreasonable application

---

[3]The Supreme Court held in Lindh that the standard of review provisions in § 2254(d) do not apply to cases that were pending at the time the AEDPA went into effect.

of,' clearly established federal law"). The Seventh Circuit summarized its interpretation of amended § 2254(d)(1):

> The Supreme Court of the United States sets the bounds of what is "reasonable"; a state decision within those limits must be respected — not because it is right, or because federal courts must abandon their independent decisionmaking, but because the grave remedy of upsetting a judgment entered by another judicial system after full litigation is reserved for grave occasions. That is the principal change effected by § 2254(d)(1).

Lindh, 96 F.3d at 871.

Noting that two courts "can differ over the proper resolution of a close question without either viewpoint being unreasonable," the Neeley court concluded that a federal court may grant the writ "'only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.'" Neeley, 138 F.3d at 768 (quoting Drinkard, 97 F.3d at 769). "In effect, a reasonable, good faith application of Supreme Court precedent will immunize the state court conviction from federal habeas reversal, even if federal courts later reject that view of the applicable precedent." Mata v. Johnson, 99 F.3d 1261, 1268 (5th Cir. 1996), vacated in part on other grounds, 105 F.3d 209 (5th Cir. 1997).[4]

---

[4] The Seventh Circuit likewise held that a perfunctory analysis is sufficient as long as the state court's conclusion is reasonable:

The Eleventh Circuit has recognized that the "reasonable jurist" standard, which the Neeley court identified as the third step in applying § 2254(d)(1), was squarely rejected by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S .Ct. 1495, 1521-22 (2000). Parker v. Head, 244 F.3d 831, 835 (11th Cir. 2001). In Williams the Supreme Court held that a federal court applying the "unreasonable application" clause of § 2254(d)(1)

> should ask whether the state court's application of clearly established federal law was *objectively* unreasonable. The federal habeas court should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the same manner the state court did in the habeas petitioner's case.

---

> [O]f course the better the job the state court does in explaining the grounds for its rulings, the more likely those rulings are to withstand further judicial review. That is just realism. It doesn't follow that the criterion of a reasonable determination is whether it is well-reasoned. It is not. It is whether the determination is at least minimally consistent with the facts and circumstances of the case.

Hennon v. Cooper, 109 F.3d 330, 334 (7th Cir. 1997) (Posner, J.); see Sweeney v. Parke, 113 F.3d 716, 718 (7th Cir. 1997) (holding state court determination reasonable if minimally consistent with facts and circumstances of case). The court suggested that the term "unreasonable" was stronger than "erroneous" and perhaps stronger than "clearly erroneous." Hennon, 109 F.3d at 334 (citation omitted); see also Holman v. Gilmore, 126 F.3d 876, 882 (7th Cir. 1997) (finding only clear error in applying Strickland would justify granting habeas relief); Berryman v. Horton, 100 F.3d 1089, 1103 (3d Cir. 1996) (finding state court determination reasonable unless it makes "grave error").

Williams, 120 S. Ct. at 1521-22 (emphasis added). The court then emphasized that a federal court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 1522. With these considerations in mind, the Court will now turn to petitioner's asserted grounds for relief.

### III. Analysis

#### A. Failure to Request Jury Charge

Petitioner asserts in his first ground for relief that his trial counsel was ineffective for failing to move the trial court to instruct the jury on the lesser charge of voluntary manslaughter. Doc. 1. Petitioner likewise alleges that his appellate counsel was ineffective for failing to challenge this alleged deficiency of trial counsel during his direct appeal. Id.

#### 1. Ineffective Assistance of Trial Counsel

Respondent contends that petitioner's assertion that his trial counsel was ineffective for failing to request a jury charge on voluntary

manslaughter is procedurally defaulted since petitioner failed to raise it in his post-trial motions or on direct appeal. Doc. 8. Respondent asserts that the state habeas court found this claim procedurally defaulted in ruling on petitioner's state habeas petition. Id. Petitioner, however, did not assert this claim in his state habeas petition. See Resp. Ex. 1. Petitioner did contend that the trial court denied his Fifth, Sixth, Eighth, and Fourteenth Amendment rights by failing to charge the jury sua sponte on voluntary manslaughter, and the state habeas court found that these allegations were procedurally defaulted. Resp. Ex. 3 at 3. Nevertheless, petitioner's instant assertion of ineffective assistance is procedurally defaulted since petitioner failed to raise this claim in his post-trial motions or on direct appeal.

Petitioner raised fourteen allegations of ineffective assistance in his direct appeal. Totten, 577 S.E. 2d at 274; see also Resp. Ex. 2 at Appellant's Brief. While petitioner challenged several aspects of his trial counsel's performance, petitioner did not contend that his attorney was ineffective for failing to request that the trial court instruct the jury on the lesser charge of voluntary manslaughter. Id.

Under Georgia law, claims not raised at trial or on direct appeal are

procedurally defaulted and no habeas relief may be granted. O.C.G.A. § 9-14-48(d); Agan v. Vaughn, 119 F. 3d 1538, 1549 (11th Cir. 1997); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985). Further, under Georgia's successive petition rule, a petitioner is required to raise all grounds for habeas relief in his initial or amended state habeas petition. O.C.G.A. § 9-14-51. Any grounds not so raised are considered defaulted, unless state or federal constitutional law requires review or unless the claim could reasonably have been raised in the original petition. Id.

The authority of federal courts to review a state criminal conviction is strictly constrained when a petitioner procedurally defaulted on his claim by failing to follow applicable state procedural rules. Sims v. Singletary, 155 F.3d 1297, 1311 (11th Cir. 1998); Johnson v. Singletary, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal habeas review . . . is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a

constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003).

Petitioner has shown no cause or prejudice for his procedural default, nor demonstrated his "actual innocence," either before the state court or this Court. Thus, petitioner has presented no basis for excusing his procedural default. "A federal court must dismiss those claims or portions of claims that are procedurally barred under state law." Sims, 155 F.3d at 1311 (citations omitted). Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) ("[t]he Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question 'could not reasonably have been raised in the original or amended [state habeas] petition.'"); Lindsey v. Smith, 820 F.2d 1137, 1143 (11th Cir. 1987) ("the considerations of comity that underlie the procedural bar doctrine require federal courts to honor state procedural rules, and not only state courts' procedural rulings.") (citing Engle v. Isaac,

456 U.S. 107, 125 n.28 (1982)). Accordingly, it is recommended that petitioner's claim under ground one be DISMISSED.

### 2. Ineffective Assistance of Appellate Counsel

Petitioner contends that his appointed attorney on appeal was ineffective for failing to challenge his trial counsel's ineffectiveness for failing to request a jury instruction on voluntary manslaughter. Doc. 1. Respondent asserts that the Court should defer to the state habeas court's finding that appellate counsel was effective and likewise find that petitioner's asserted ground for relief fails. Doc. 8.

While less frequent than challenges to the effectiveness of trial counsel, claims of ineffective assistance of appellate counsel are well recognized. Evitts v. Lucey, 469 U.S. 387, 396-99 (1985); Alvord v. Wainwright, 725 F.2d 1282 (11th Cir. 1984). The Supreme Court has held that the Strickland test applies to claims of ineffective assistance of appellate counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986). Additionally, the same deferential standard used to assess the effectiveness of trial counsel applies to the tactics and decisions made by counsel on appeal, as well as the reality that appellate counsel cannot argue issues that

have not been preserved for appeal. <u>Atkins v. Singletary</u>, 965 F.2d 952, 957 (11th Cir. 1992). The Sixth Amendment does not require counsel to do what is unethical or legally indefensible. Counsel may also waive hopeless arguments or admit certain inculpatory facts for tactical reasons in light of the substantial evidence. <u>See, e.g.</u>, <u>Messer v. Kemp</u>, 760 F.2d 1080, 1088-92 (11th Cir. 1985), <u>cert. denied</u>, 477 U.S. 1088 (1986) (implicit acceptance of guilt during argument was trial strategy, not ineffective assistance). Indeed, "the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue." <u>Heath v. Jones</u>, 941 F.2d 1126, 1130-31 (11th Cir. 1991), <u>cert. denied</u>, 112 S.Ct. 981 (1992). Instead, effective advocates should "'winnow out' weaker arguments even though the weaker arguments may be meritorious." <u>Id.</u> at 1131 (quoting <u>Jones v. Barnes</u>, 463 U.S. 745, 751-52 (1983)).

Under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), a defendant must first demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." 466 U.S. at 687. Second, a defendant must demonstrate that the defective

performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id.

Petitioner raised several enumerations of ineffective assistance of appellate counsel in his state habeas corpus petition. See Resp. Ex. 1. The state court evaluated petitioner's contentions under the Strickland standard and found that petitioner's appellate counsel advanced each claim of ineffective assistance of trial counsel that petitioner suggested and explored each of the claims in a lengthy hearing on petitioner's motion for new trial. Resp. Ex. 3 at 13. The court found that petitioner was fully aware of every claim asserted in the motion for new trial and on appeal, and participated in those claims with his appellate attorney. Id. The court found that petitioner's appellate attorney brought certain claims only at the behest of petitioner. Id. The court specifically found that petitioner's appellate counsel "did not raise any jury charge issues because he did not perceive there to be any." Id. at 14. The court continued, "[m]uch of what Petitioner complains about could be considered sound trial strategy by trial counsel and therefore not fruitful grounds for an ineffective assistance of trial counsel claim . . . . [Petitioner's appellate counsel] performed

14

reasonably and represented Petitioner zealously." Id. Accordingly, the court concluded that petitioner had failed to meet his burden under either prong of Strickland.

The state habeas court correctly applied Strickland in its evaluation of petitioner's claims of ineffective assistance of appellate counsel and concluded that his appellate counsel provided effective representation on appeal. The court's decision is not contrary to, or an unreasonable application of, any Supreme Court precedent, and consequently petitioner's claim for relief on this ground is without merit.

### B. Sufficiency of Evidence

Although petitioner does not explicitly assert a challenge to the sufficiency of the evidence on which his conviction is based, he alleges that "[t]his case as presented by the Prosecution, and as supported by the wittnesses [sic] for the Prosecution at trial . . . prove beyond doubt, that this is a case of voluntary manslaughter, and not of felony murder." Doc. 1. Respondent has reasonably construed this statement as a claim that the evidence at trial was insufficient to support the jury's felony murder conviction. Doc. 8.

When a habeas petitioner asserts that there is insufficient evidence in the record to sustain his conviction, the court must determine whether a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could have found petitioner guilty of the charged crimes beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979). When weighing the sufficiency of the evidence, the court is not required to find that the evidence excludes every hypothesis except that of guilt beyond a reasonable doubt. Id. at 326; Wilcox v. Ford, 813 F.2d 1140 (11th Cir. 1987), cert. denied, 484 U.S. 925 (1987). "Faced with a record of historical facts that supports conflicting inferences, the court must presume that the jury resolved the conflicts in favor of the prosecution, deferring to the jury's judgment as to the weight and credibility of the evidence." Ford, 813 F.2d at 1143. "The simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the granting of habeas relief." Id.

Petitioner challenged the sufficiency of the underlying evidence on direct appeal and the Georgia Supreme Court, applying the Jackson standard, found that the evidence was "sufficient to enable a rational trier

of fact to find [petitioner] guilty of the crimes charged beyond a reasonable doubt." Totten, 577 S.E. 2d at 273. The evidence established that petitioner drove with a co-worker to a housing project in Savannah in an attempt to purchase crack cocaine and that two witnesses watched the victim approach the truck. Id. The witnesses then observed petitioner shoot the victim in the face. Id. Petitioner returned to a hotel room following the incident and recounted it to his co-workers. Id. Petitioner later made a jailhouse confession to his cellmate that he had thrown the murder weapon off a bridge. Id.

The Georgia Supreme Court evaluated petitioner's claim under the proper Supreme Court precedent and, after reviewing the evidence presented at trial, reasonably applied the Jackson standard to the facts of petitioner's case. Petitioner has failed to show that he is entitled to federal habeas relief on this ground.

### C. Trial Court Errors

Petitioner alleges in grounds four and five that the trial court violated his due process rights by failing to hold an evidentiary hearing on his motion of ineffective assistance of counsel and by denying his "motion for

17

substitution of appointed counsel" and "motion for evidentiary hearing" without his presence or a hearing. Doc. 1. Respondent contends that these claims do not state grounds for relief in federal habeas corpus since they fail to allege a violation of a clearly established constitutional right. Doc. 8.

Petitioner raised substantially similar claims in his state habeas petition, contending there that his appellate counsel failed to request an evidentiary hearing on his motion for appointment of substitute appellate counsel and that the trial court denied both his request for an evidentiary hearing on that motion and the motion for appointment of substitute counsel without full evidentiary development. Resp. Ex. 1. The state habeas court found that these asserted claims for relief did not afford petitioner relief in habeas corpus under Georgia law since "they do not set forth a substantial violation of Petitioner's constitutional rights in the proceedings which resulted in Petitioner's conviction and sentence." Resp. Ex. 3 at 4.

Petitioner asserts in ground four that the state court's failure to hold an evidentiary hearing on his ineffective assistance of appellate counsel claims deprived him of his right to advance those claims in a petition for

post-conviction relief. Doc. 1. Petitioner raised this allegation in the state habeas court, which held that petitioner was not deprived from pursuing those claims and that petitioner was pursuing them in his state petition. Resp. Ex. 3 at 4. The state court evaluated several claims made by petitioner regarding the ineffectiveness of his appellate counsel. Resp. Ex. 3 at 5-14. Petitioner, therefore, has not been deprived of an opportunity to challenge the sufficiency of his appellate counsel, and his asserted ground for habeas relief fails.

Furthermore, petitioner's contentions in ground five that the state court denied him due process by denying his "motion for substitution of appointed counsel" and "motion for eviden tiary hearing" without an evidentiary hearing also fail to afford him federal habeas relief. The essence of petitioner's claim seems to be that the trial court violated his due process rights by not appointing a different attorney to represent him after he complained of several problems with his appointed attorney. A criminal defendant, however, does not have a constitutional right to appointed counsel of his choice or to have substitute counsel appointed upon his disagreement with counsel's decisions. Morris v. Slappy, 461 U.S. 1, 13-14

(1983) (rejecting contention that the Sixth Amendment guarantees a "meaningful relationship" between an accused and his counsel); see also Edwards v. United States, 795 F.2d 958, 961 (11th Cir. 1986) (rejecting a 28 U.S.C. § 2255 movant's contention that the trial court should have afforded him substitute appointed counsel on account of his disagreements with his original and capable appointed counsel). Petitioner has failed to show that the trial court violated any of his constitutional rights by denying his motions and refusing to appoint substitute counsel to represent him. The Court, therefore, can discern no constitutional violation, and petitioner's asserted grounds for relief are without merit.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that petitioner fails to state grounds on which § 2254 relief may be granted. Accordingly, the Court recommends that the instant petition be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 7TH day of **January, 2007.**

*/s/ signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA